### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID MORECRAFT, <br><br>    Plaintiff, <br><br> vs. <br><br> FARMERS INSURANCE COMPANY, INC., <br><br>    Defendant. | Case No. 09-CV-175-TCK-FHM |

### **OPINION AND ORDER**

Plaintiff's Motion to Compel [Dkt. 30] is before the undersigned United States Magistrate Judge for decision. The motion is fully briefed and a hearing on the motion was held on March 15, 2010. A number of rulings were made orally at the hearing, this Opinion and Order addresses the matters that were taken under advisement.

### **Background**

In this case Plaintiff is asserting a breach of contract and bad faith claim against Defendant. Plaintiff claims that Defendant arbitrarily and unjustifiably denied or reduced medical payments of medical bills that were incurred for treatment of covered injuries sustained in an automobile accident. Plaintiff alleges that the reductions were improperly made at the suggestion of a third party agent (Zurich), who was hired by Defendant to audit submitted medical bills.

### **Analysis**

<u>Interrogatory No. 23</u>: Plaintiff requests Defendant to provide the reductions and pay-outs which Defendant made on medical benefit claims as the result of third party review of such claims during the time frame from 2004 to 2008. Essentially, Plaintiff is attempting to find out how much money Defendant did not pay out on medical benefit claims because of reductions recommended by Zurich.

Defendant argues that the information is not relevant to this case because reductions in medical bill payments may be recommended by Zurich for a variety of reasons that are unrelated to the reasonableness of the charges or the "80% rule" at issue in this case. For instance, Zurich may recommend reductions based on finding duplicate bills or bills for medical expenses unrelated to covered accidents. Further, Defendant represents that the only way to obtain the information Plaintiff requests is to construct it from all of the individual claims files.

The court finds that the burden of responding to this discovery request, as written, outweighs its likely benefit considering the needs of the case and the importance of this information in resolving the matters at issue in this case. Fed. R. Civ. P. 26(b)(2)(C)(iii). Therefore the Motion to Compel is denied as to Interrogatory No. 23. This ruling is without prejudice to Plaintiff conducting more focused discovery regarding the effect of the reasonableness reviews and the "80% rule."

Request for Production of Documents No. 11 Plaintiff seeks production of all complaints received by Defendant for Oklahoma claims for the years 2004 to 2008. Defendant has offered to provide that information for med-pay claims for the years 2006 to 2008.

The court finds that complaints concerning lines of insurance other than the med-pay provisions at issue in this case are not relevant to any claim or defense in this action and therefore do not fall within the scope of discovery. Fed. R. Civ. P. 26((b)(1). Therefore the motion is denied as to any complaints other than Defendant's handling of med-pay claims in Oklahoma. Defendant has not demonstrated that supplying such information beginning in 2004 rather than 2006 would be unduly burdensome. Therefore, Defendant will be

required to produce the requested information for med-pay claims for the years 2004 to 2008.

<u>Request for Production of Documents No. 15</u>: Plaintiff seeks production of Defendant's policies related to its loss ratio for Oklahoma motor vehicle claims for the years 2004 to 2008.

Plaintiff asserts that if Defendant had a poor loss ratio, it would be an incentive to deny claims and may also affect the compensation of adjustors. Defendant denies that there is any connection between the loss ratio and the denial of claims or the compensation of its adjustors. Aside from expressing the theory that there may be such a connection, Plaintiff has not provided the court with any information to support his theory or explain how it is applicable to this case.

Although relevancy is broadly defined for discovery purposes, it is not without bounds. The broad scope of discovery does not give a Plaintiff pursuing a bad faith claim unfettered license to examine all data regardless of how attenuated a relationship that data may have to the decision-making pertaining to Plaintiff's particular insurance claim. Under Fed.R.Civ.P. 26(b)(2)(C)(iii) the court is charged with the instruction to limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Taking these factors into account, the motion is denied as to Request for Production of Documents No. 15.

Request for Production of Documents No. 18: Plaintiff seeks production of "all memoranda, letters or other written documents stating or suggesting policies or goals to reduce paid losses." [Dkt. 30-4, p. 9].

The court agrees with Defendant's assertion that this request for production is far too vague and broadly worded to be reasonably answered. Defendant asserts that it takes a variety of actions to reduce its losses which have no bearing on the decision made in this case. Taking into account the factors listed in Rule 26(b)(2)(C)(iii) discussed above in relation to No. 15, the motion is denied as to Request for Production of Documents No. 18.

Request for Production of Documents No. 29: Plaintiff seeks production of:

> all files maintained, either electronically or in paper format, by Defendant, or any agent, representative affiliate, sister corporation, parent company, or holding company, relating in any way to the Plaintiffs' claims including, but not limited to, all claim files, claim evaluation files, all underwriting files, all payment files, all reinsurance files, and all insurance agent files.

[Dkt. 30-4, p. 11]. Plaintiff explained at the hearing that this request is seeking production of the files pertaining to Plaintiff's claim which are in the possession of Zurich.

Defendant states that it has produced all non-privileged correspondence between itself and Zurich concerning Plaintiff's claim but this request seeks internal documents that belong to Zurich. Defendant states it does not have actual possession, custody, control of, or the legal right to obtain the requested documents on demand. As such, Defendant argues that the requested documents fall outside Rule 34. Plaintiff argues that since Defendant is affiliated in some way with Zurich, it therefore has the right to obtain the requested documents and should be required to produce the documents to Plaintiff.

4

At the hearing Defendant acknowledged some affiliation between Defendant and Zurich through a number of entities that own Defendant. It was not clear to the court exactly what the legal relationships are. After the hearing, the court read the Oklahoma Court of Civil Appeals decision in *In re Farmers Med-Pay Litigation*, 2010 Ok Civ App 12. In that case the Court stated that Zurich is owned by Farmers, ¶ 3. The court's ruling on the Rule 34 issue is therefore without prejudice should Plaintiff desire to supplement the facts.

Based on the record before it, the court finds that Plaintiff has not established that Defendant has the legal right to obtain the documents from Zurich on demand. Plaintiff's motion is therefore denied as to Request for Production of Documents No. 29. Despite this ruling, since Defendant used Zurich to perform a task that arguably had some effect on the payment of Plaintiff's claims, and since there is some type of affiliation between Defendant and Zurich, it is not unreasonable to require Defendant to attempt to obtain whatever materials Zurich has that specifically pertain to Plaintiff's claim. Defendant is therefore directed to request such materials from Zurich and to provide them to Plaintiff if Zurich complies with the request.

<u>Request for Production of Documents No. 36</u>: Plaintiff requests Defendant to produce:

> all petitions filed against Defendant in the State of Oklahoma for the years 2005 though 2009, inclusive, in which allegations of a failure to act in good faith and/or an allegation of an act in bad faith have been made against Farmers Insurance Company resulting from its failure to fully pay automobile claims or medical payment overage claims resulting from an automobile collision.

[Dkt. 30-6, p. 21].

In its brief, Defendant argues that the information will not be relevant. Defendant does not assert that producing the Oklahoma petitions would be burdensome. Petitions alleging bad faith in Defendant's handling of med-pay claims concern the subject matter involved in this action and the petitions may lead to the discovery of admissible evidence. For good cause, the court may allow discovery of such claims. Plaintiff could certainly obtain the petitions from public records, however this would be burdensome to Plaintiff. In light of the lack of burden on Defendant to produce the information, the court grants the motion to compel as to Request for Production of Documents No. 36, limited to petitions involving med-pay claims.

<u>Request for Production of Documents No. 37</u>: Plaintiff seeks production of all complaints filed with the Oklahoma Insurance Department concerning motor vehicle accident medical payment claims. for years 2004 through 2009. Defendant objects to this information on the same basis as its objection to Request for Production of Documents No. 11. The same analysis and result as for Request No. 11 applies to this request. Defendant will be required to produce the requested information for med-pay claims for the years 2004 to 2009.

<u>Request for Production of Documents No. 51</u>: Plaintiff requests production of:

> all policies, procedures, guidelines, formulas supporting the use of the 80th percentile which is determined to constitute "reasonable" medical expenses compensable for medical payment.

[Dkt. 30-6, p. 23].

6

At the hearing, Plaintiff explained that this request seeks documents showing how and why Defendant determined 80% was the appropriate percentage and policies and procedures, guidelines, etc. on how the 80% is to be used.

Defendant argues that its use of the 80th percentile as a benchmark for measuring the reasonableness of a medical bill is not a violation of the policy terms or Oklahoma law. However, Plaintiff's request does not ask for a legal analysis or an admission. Since the 80th percentile was apparently applied to some of Plaintiff's medical bills, the documents Plaintiff outlined at the hearing are relevant to the claims in this case and are discoverable.

The Motion to Compel is granted as set forth herein as to Request for Production of Documents No. 51.

### Conclusion

Plaintiff's Motion to Compel [Dkt. 30] is granted in part and denied in part, as set forth herein. The production ordered herein is due on or before April 8, 2010. The parties shall bear their own expenses related to this motion.

SO ORDERED this 25th day of March, 2010.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE