UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID MORECRAFT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 09-CV-175-TCK-FHM |
| | ) |
| FARMERS INSURANCE COMPANY INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Defendant's Motion for Entry of Protective Order with Respect to Fed.R.Civ.P. 30(b)(6) Deposition(s) and Request for Production of Documents [Dkt. 53] has been fully briefed [Dkts. 59, 61] and is ripe for decision. The Court previously held a hearing concerning discovery issues in this case and has determined that a hearing would not assist the Court in resolving the current motion.

The familiar scope of discovery is set out in Fed. R. Civ. P. 26. The rule distinguishes between discovery topics which are relevant to the particular claims and defenses asserted in the action and those topics which are relevant to the broad subject matter of the action, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

Fed. R. Civ. P. 26(b). As noted in the court's previous discovery order [Dkt. 42], under Rule 26(b)(2)(c)(iii) the court must limit discovery if it determines that the burden or expense of the discovery outweighs its likely benefit.

The Court will address each of the numbered topics in the Notice of Video Deposition Directed to Defendant Farmers Insurance Company, Inc. and Request for Production of Documents attached as Exhibit 1 to Defendant's motion. [Dkt. 53-2, pp. 1-4].

    1.    Policy and procedure with regard to quality assurance of Farmers over Zurich Services Corporation's ("Zurich") medical bill review of medical benefit claims.

The Motion for Protective Order is GRANTED. The topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter.

    2.    Rationale and criteria upon which Zurich was selected for medical bill review of medical benefit claims.

The Motion for Protective Order is GRANTED. The topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter.

    3.    Goals, ratios, or other directives communicated to Zurich with regard to reduction in pay-outs on medical benefit claims.

The Motion for Protective Order is DENIED. Defendant contends that its supplemental response to Interrogatory No. 22 establishes that Defendant has no responsive testimony or documents. However, the terms of the Interrogatory response are not the same terms used in this topic. The Court finds that Plaintiff is entitled to directly responsive testimony concerning whether Defendant in any way directed or encouraged Zurich to reduce medical benefit claims pay-outs.

4.      Method of compensation to Zurich by Farmers for medical bill review.

The Motion for Protective Order is DENIED. Plaintiff is entitled to discover the method of compensation to Zurich for medical bill reviews. If the contract which has been produced sets forth the method of compensation, it will not be burdensome for Defendant's witness to clearly state that at the deposition.

5.      Reduction in pay-outs on medical benefit claims paid by Farmers from the three years before Zurich was retained and in the last three (3) years of Zurich's work for Farmers.

The Motion for Protective Order is GRANTED. The Court previously denied discovery of the same type of information. [Dkt. 42]. Plaintiff has not offered any basis to change that ruling.

6.      Approval process utilized by Farmers regarding Zurich's criteria for the denial and/or reduction of medical benefit claims.

The Motion for Protective Order is GRANTED. The topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter.

7.      Auditing, review and supervision of the claims handling process utilized by Farmers to determine that Zurich was properly reviewing medical bills for medical benefit claims.

The Motion for Protective Order is GRANTED. The topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter.

      8.      Audit, review, or approval of the timeliness of Zurich's medical bill review of medical benefit claims.

The Motion for Protective Order is GRANTED. The topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter.

      9.      The compensation process, whether directly or indirectly, to determine salaries, benefits, or other means of compensation to the managers, executive officers and/or board members of Farmers.

The Motion for Protective Order is GRANTED. The topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter.

      10.      The financial condition of Farmers, to include explanation of information contained in annual reports 2005 to the present, including but not limited to, the ceding of premiums to Zurich, as well as other affiliated companies, from 2005 to the present.

The Motion for Protective Order is GRANTED IN PART. The topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter with the exception that if Plaintiff specifies to Defendant the entries in the annual reports of Defendant which Plaintiff contends reflect payments to Zurich, Defendant shall be required to testify about those entries.

      11.      The determination of target loss ratio goals, as well as analysis of actual loss ratios when compared to the goals set for motor vehicle policies in the state of Oklahoma, from 2005 to present.

The Motion for Protective Order is GRANTED. The topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter.

> 12. The corporate organizational structure of Farmers, to include but not be limited to, the interest, stake, or other means of ownership by Zurich held at any time of Farmers, its affiliates, predecessors, subsidiaries, or parent corporations.

The Motion for Protective Order is GRANTED IN PART. The topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter with the exception that Defendant shall testify to the ownership relationship between Defendant and Zurich.

> 13. The training/supervision of medical pay adjusters to ensure their knowledge of uninsured motorist/underinsured motorist benefits.

This topic was withdrawn by Plaintiff.

> 14. Development and changes to the operating practices of Farmers from 1999 to the present, with regard to administration of claims for medical benefits arising from automobile insurance policies, describing the reason for changes in said practices.

The Motion for Protective Order is GRANTED. The topic is overbroad and vague. Even if construed as explained in Plaintiff's response, the topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter.

> 15. Factors that govern cycle times for the adjustment of uninsured/underinsured motorist claims and/or medical payment claims.

The Motion for Protective Order is GRANTED. The topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter. The fact that Defendant asserts that it did not receive one of the bills timely does not make Defendant's timely handling of bills once received relevant.

16. The selection and utilization of the "80th percentile" as a yardstick for determining the "reasonableness" of medical bills submitted, how the "80th percentile" is determined and by whom, and how and by whom the determination is made that a particular medical expense submitted meets or exceeds the "80th percentile."

The Motion for Protective Order is DENIED. The Court previously granted discovery of the same type of information. [Dkt. 42]. Relevance of the "80th percentile issue is not eliminated by Defendant's ultimate reimbursement of Plaintiff in those instances where a medical provider refused to accept the 80% payment as payment in full and obtained direct payment from Plaintiff.

17. The means of communicating to Farmers' insureds <u>before</u> a loss is incurred that medical benefit claims will be subjected to an "80th percentile" reduction, and how insureds are advised as to which medical providers should be sought after to avoid such reductions in benefits.

The Motion for Protective Order is DENIED for the same reasons as stated in No. 16, above.

18. Policies, procedures and practices of Farmers regarding the administration of medical benefit claims of represented claimants and non-represented claimants, differences, if any, in the bill review process between the two types of claimants, and identification of written materials regarding the same.

The Motion for Protective Order is DENIED. This topic is relevant to Plaintiff's claim that his medical benefits claims were only fully paid after he hired an attorney.

19. Policies, procedures and practices of Farmers regarding acceptance or rejection of recommendations contained in Zurich's EORs as it impacts the administration of medical benefit claims.

The Motion for Protective Order is DENIED. This topic is relevant to Plaintiff's claims and Defendant's defenses.

20. Policies, procedures and practices of Farmers and/or Zurich regarding the criteria for determining whether a medical benefit claim is "related" and "necessary" within the meaning of the automobile insurance policy, and identification of any written materials regarding the same.

The Motion for Protective Order is GRANTED. This topic is not relevant to the claims or defenses in the case and Plaintiff has not established good cause for discovery on this subject matter. Plaintiff has not alleged that any of the payments in this case were reduced or denied because the medical care was not "related" or "necessary."

Defendant's Motion for Entry of Protective Order with Respect to Fed.R.Civ.P. 30(b)(6) Deposition(s) and Request for Production of Documents [Dkt. 53] is GRANTED IN PART and DENIED IN PART as set forth herein.

SO ORDERED this 20th day of August, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE